FILED
SUPERIOR COURT
OF GUAM

2025 MAY 12 PM 5: 04

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GARY WAYNE FRANCIS GUMATAOTAO,<br><br>**Plaintiff,**<br><br>vs.<br><br>DAVID JEFFREY HIGHSMITH, DOES I and II, INSURANCE COMPANIES, and GOVERNMENT OF GUAM<br><br>**Defendants.** | CIVIL CASE NO. CV0571-21<br><br><br>**DECISION AND ORDER RE MOTION TO REPLACE PLAINTIFF AND MOTION TO DISMISS** |

This matter came before the Honorable Dana A. Gutierrez on Defendant David Jeffrey Highsmith's ("Defendant") Motion to Dismiss and Guam Rule of Civil Procedure Rule 25 Motion to Replace Plaintiff in the Alternative ("Motion to Replace Plaintiff") on July 18, 2024 and February 6, 2025. Present at the hearings were Attorney William Pole ("Pole") on behalf of the late Plaintiff Gary Gumataotao ("Plaintiff"), and Defendant appearing *pro se*. Upon review of the arguments, pleadings and applicable Guam law, the Court hereby grants Defendant's Motion to Replace Plaintiff and Motion to Dismiss, in part, as further discussed below.

## BACKGROUND

This Decision and Order adopts by reference the case background previously set forth in earlier decisions filed on March 29, 2022, July 27, 2022 and March 14, 2023[1]. *See* Decision and

---

[1] The March 29, 2022 Decision and Order and March 14, 2023 Decision and Order were both issued by the District Court of Guam.

Order Re Motions to Dismiss, Motion to Remand and Motion to Stay (Mar. 29, 2022); Decision and Order Re Motions to Dismiss (July 27, 2022); Decision and Order Re Motion to Dismiss and Motion to Remand (Mar. 14, 2023).

In brief summary, this matter stems from an incident in which Defendant allegedly pushed Plaintiff, causing Plaintiff to fall and lose consciousness. Compl. at 3. On July 22, 2021, Plaintiff filed a Verified Complaint and Request for Jury Trial, alleging Assault, Battery, Infliction of Emotional Distress, Invasion of Privacy, Loss of Reputation, Oppressive Conduct, Punitive Damages and "Violation of Civil Rights" against Defendant.[2] Plaintiff also filed claims against Defendant's employer, the Government of Guam. The matter was removed twice to the District Court of Guam where numerous claims against Defendant and the Government of Guam were dismissed.[3]

On January 25, 2024, upon the stipulation of the Plaintiff and Government of Guam, and non-objection of the Defendant, the Court issued an order dismissing the Government of Guam as a defendant. *See* Order of Dismissal With Prejudice Against the Government of Guam.

As a result, the only remaining claims against the Defendant are: Assault, Battery, Loss of Reputation, Intentional Infliction of Emotional Distress, Oppressive Conduct and Punitive Damages.

On January 30, 2024, Defendant filed a "Noting of Death" which "notes and suggests the death of plaintiff Gumataotao on the record." Noting of Death (Jan. 30, 2024).

On February 12, 2024, Defendant filed his Motion to Dismiss in which he "moves to

---

[2] Plaintiff also sued Doe Insurance Companies I and II for the claims of assault and battery, and allege that Defendant and Doe Insurance Companies are jointly and severally liable.

[3] The case was previously assigned to Judge Elyze J. Iriarte and reassigned to this Court upon her disqualification.

dismiss all claims for pain and suffering and for punitive damages alleged in the complaint because their recovery is barred by the recent death of plaintiff Gumataotao." Mot. Dismiss at 1.[4] He argues that the controlling survival statute is Title 19 GCA § 31104, which explicitly excludes damages for pain, suffering, disfigurement, punitive damages, and future earnings. *Id.*

On February 22, 2024, Plaintiff filed Opposition to Defendant's Motion to Dismiss ("Opposition"). He argues that 19 GCA § 31104 is being misapplied. He asserts that the statute governs wrongful death actions and should not limit tort actions unrelated to a person's death as is the case in this matter. Accordingly, Plaintiff argues that punitive damages are still recoverable. Opp. at 2-3.

On February 28, 2024, Defendant filed Reply Memorandum Regarding Motion to Dismiss ("Reply"). He responds that the plain language of 19 GCA § 31104 indicates that it applies to all civil actions.

On March 30, 2024, Pole filed the Motion to Replace Plaintiff, as well as a Declaration of Widow Re Rule 25 Motion, and a Declaration of Proposed Executor Re Rule 25 Motion. Defendant did not file any response or opposition to the Motion to Replace Plaintiff.

The Court held hearings on both the Motion to Dismiss and Motion to Replace Plaintiff on July 18, 2024 and took both matters under advisement. *See* Min. Entry at 10:48 AM (July 18, 2024). However, upon further research, the Court called the matter back for a status hearing on October 15, 2024, noting a potentially controlling statute, 15 GCA § 2209(c), that neither party addressed.

---

[4] Defendant also stated that "[a] request for punitive damages is not a separate cause of action and can only be awarded based on a finding of liability for an underlying claim." Mot. Dismiss at 2 (citing *Nat'l Union Fire Ins, Co. of Pittsburgh, Pa. v. Guam Hous. & Urb. Renewal Auth.*, 2003 Guam 19 ¶ 50).

Following the status hearing, on October 18, 2024, the Court issued an Order for Further Briefing and ordered that the decision be held in abeyance. On November 25, 2024, Pole filed Supplemtnal (*sic*) Briefing for Opposition to Defendant's Motion to Dismiss ("Plaintiff's Supplemental Brief"). On November 26, 2024, Defendant filed Briefing on Survival Statutes ("Defendant's Supplemental Brief"). On February 6, 2025, the Court held a Continued Motion Hearing based on the supplemental briefing provided and took the matter under advisement.

## DISCUSSION

### I.      The Court Grants the Motion to Replace Plaintiff

In his Motion to Replace Plaintiff, Pole requests that pursuant to Guam Rule of Civil Procedure Rule 25[5], the late Gary Warne Francis Gumataotao's widow, Atsuko Gumataotao, be substituted as Plaintiff. Mot. Replace Pl. at 1. In support, he states, "[t]he law suit [*sic*] is community property and so the plaintiff should be substituted so that his widow is the real party in interest." *Id.*

Defendant did not file an opposition. However, at the July 18, 2024 hearing, Defendant stated that he believed that the Executor, Graham Botha, should be substituted in as the proper plaintiff. Min. Entry at 10:44 AM (July 18, 2024). Plaintiff responded that "it's fine to put in the executor" and added "there is no conflict between the administrator and surviving spouse, so if the Court wants to make it the Executor, there would be no problem." *Id.* at 10:44-10:46 AM.

The Court also agrees with Defendant that the proper party would be the Executor named in Plaintiff's Will. Under 15 GCA § 2215(b), "a personal representative shall have power, with the approval of the Superior Court of Guam obtained pursuant to the provisions of subsection (c) of

---

[5] Pursuant to the Guam Rules of Civil Procedure Rule 25, "[i]f a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties."

this Section, to compromise and settle all claims or rights of action given to such personal representative by any law for the wrongful death or injury of the decedent." A personal representative is defined as "the executor, the administrator with the will annexxed *(sic)*, or the administrator of a decedent's estate . . . ." 15 GCA § 2201. Since Graham Botha was the "named Executor in the Last Will and Testament of [Plaintiff]," the Executor would be the proper substitution. *See* Decl. Proposed Executor (Mar. 20, 2024).

Accordingly, the Court finds that substitution of Graham Botha, as the Executor of the Estate of Gary Wayne Francis Gumataotao, as the Plaintiff in this matter is proper under Rule 25.

## II.     The Court Grants the Motion to Dismiss

Guam Rules of Civil Procedure ("GRCP") Rule 12(b)(6) provides grounds for dismissal for failure to state a claim upon which relief can be granted. "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14. When analyzing a GRCP 12(b)(6) motion to dismiss, the Court "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 15.

### A.     The Claim for Punitive Damages Is Dismissed, and Pain and Suffering Damages Are Stricken

This matter requires the Court to interpret and reconcile two potentially conflicting Guam statutes, 19 GCA § 31104 and 15 GCA § 2209, to determine what damages are recoverable when a plaintiff dies prior to judgment of causes unrelated to the underlying action. In this matter, neither party has asserted that Plaintiff's cause of death was related to the underlying altercation in this

5

matter. Because of this, it is undisputed that Guam's wrongful statute, found at 7 GCA § 12109, does not apply to this matter.

In Defendant's Supplemental Brief, he argues that there is no conflict between 19 GCA § 31104 and 15 GCA § 2209, and that they can be harmonized by applying 19 GCA § 31104 to claims involving physical injury and 15 GCA § 2209 to all other causes of action. Defendant asserts that § 2209 does not repeal § 31104, and that both should be construed together to avoid redundancy. He maintains that § 31104 governs this case because it involves personal injury and bars recovery of pain and suffering, punitive damages, and post-death earnings. He also notes that Guam's wrongful death statute, 7 GCA § 12109, does not apply here because the lawsuit does not allege that Defendant caused Plaintiff's death.

On the other hand, Plaintiff argues that 19 GCA § 31104 is intended to address wrongful death suits whereas 15 GCA § 2209 governs survival actions. He concludes that claims for punitive damages survive under current law, and only Plaintiff's claim for Intentional Infliction of Emotional Distress should potentially be dismissed.

### i.     15 GCA § 2209 and 19 GCA § 31104 Are Reconcilable

An implied statutory repeal is a doctrine of statutory construction that "may be found when a later statute, covers the whole situation of an earlier one and is clearly intended as a substitute." *Lujan v. Lujan*, 2000 Guam 21, ¶ 11 (2000). Repeals by implication are disfavored, and Courts "must first attempt to reconcile the two statutes" based on rules of statutory construction. *Sumitomo Const., Co. v. Gov't of Guam*, 2001 Guam 23, ¶ 17 (Guam Nov. 7, 2001). "If we can find a harmonious construction of the two statutes, we *must* adopt that harmonizing construction." *Guam Police Dep't v. Guam Civ. Serv. Comm'n*, 2020 Guam 12, ¶ 30 2020)(*emphasis added*).

6

Courts can avoid a finding of implied repeal if the two statutes can be reconciled. *Id.* If the provisions are in irreconcilable conflict, then the later of the two acts will repeal the earlier one. *Id.*

Therefore, the Court must first attempt to reconcile the two statutes. It is a cardinal rule of statutory construction that courts must look first to the language of the statute itself. *See Pangelinan v. Gutierrez*, 2000 Guam 11, ¶ 23. Absent clear legislative intent to the contrary, the plain meaning prevails. *Sumitomo Constr., Co.*, 2001 Guam 23 ¶ 17. "[I]n determining legislative intent, a statute should be read as a whole, and ... courts should construe each section in conjunction with other sections." *Agana Beach Condo. Homeowners' Ass'n v. Untalan*, 2015 Guam 35 ¶ 13.

### a. Plain Language

Section 31104 is categorized under Title 19, which governs "Personal Relations" and specifically is titled "Personal Injury Action; Death; Assignment of Cause of Actions Prohibited." In relevant part, it states:

> A thing of action arising out of a wrong which results in physical injury to the person . . . shall not abate . . . by reason of the death of a person injured or of any other person who owns any such things in action. When the person entitled to maintain such an action dies before judgment, damages recoverable for such injury shall be limited to loss of earnings and expenses sustained or incurred as a result of the injury by the deceased prior to his death, and shall not include damages for pain, suffering or disfigurement, nor punitive or exemplary damages, nor prospective profits or earnings after the date of death. . .

Title 19 GCA § 31104. (1966).

Section 2209(c) is categorized until Title 15, which governs "Estates and Probates." Specifically, the statute is titled "Actions By or Against Personal Representative; Recovery of Damages; Death of Plaintiff Before Judgment; Simultaneous Death." In relevant part, 15 GCA § 2209(c) states:

7

When a person having a cause of action dies before judgment, the damages recoverable by the decedent's personal representative are limited to such loss or damage as the decedent sustained or incurred prior to death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and shall not include damages for pain, suffering, or disfigurement.

15 GCA § 2209(c).

The plain language of 19 GCA § 31104 indicates that it applies specifically to actions "arising out of a wrong which results in physical injury to the person." The statute explicitly limits the recovery of damages to loss of earnings and expenses sustained before death, and excludes damages for pain, suffering, disfigurement, punitive or exemplary damages, and future earnings. The use of restrictive and specific language "physical injury to the person" indicates a narrow application to actions involving bodily harm.

In contrast, the plain language in 15 GCA § 2209(c) indicates that it applies more broadly to any cause of action brought by or against a personal representative where the plaintiff dies before judgment. It allows recovery for damages incurred before death, including punitive damages, but excludes pain and suffering and disfigurement. While 15 GCA § 2209(c) does not expressly limit its application to any particular type of tort, its general language, "a cause of action," indicates that it governs survival of civil claims that do not involve physical injury or where no more specific statute applies.

As a general rule of statutory interpretation, when two *in pari materia* provisions conflict with each other, the more specific provision trumps the general. *Topasna v. Gov't of Guam*, 2021 Guam 23 ¶ 17.

This "general-specific" canon ensures that "[w]here there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one." *Id.* (quoting *Morton v.*

8

*Mancari*, 417 U.S. 535, 550-51 (1974)). Instead, the more specific statute will operate as an "exception to, or qualification of, the general statute." *Id.* (quoting *Wark v. Wash. Nat'l Guard*, 557 P.2d 844, 845 (Wash. 1976)).

Title 19 GCA § 31104 is narrowly tailored to address personal injury claims resulting in bodily harm and provides an explicit bar to punitive damages, as well as damages for pain and suffering in such cases. In contrast, Title 15 GCA § 2209(c) is a general provision concerning survivability of claims. The statutes can coexist without conflict by applying 19 GCA § 31104 to personal injury actions and 15 GCA § 2209 to all other types of actions.

### b.   Legislative Intent

Neither party presented clear arguments about the legislative intent of the statutes.[6] In fact, it appears that there is no clear legislative intent that contradicts the interpretation that 19 GCA § 31104 applies to personal injury actions and 15 GCA § 2209 to all other types of actions.

Both of these statutes borrow language from former California Civil Code ("CC") § 956. In 1966, Guam passed 19 GCA § 31104, using the exact language from CC § 956. However, prior to Guam's enactment of 19 GCA § 31104, in 1961, the California Legislature had repealed CC § 956 and moved its provisions, with certain amendments, to former § 573 of the California Probate Code ("CPC"). *County of Los Angeles v. Superior Court of Los Angeles County*, 21 Cal. 4th 292, 296 (1999). CPC § 573 became the source for 15 GCA § 2209, which was enacted by the Guam Legislature in 1982, and which, at the time, also "represent[ed] a complete revision of § 573 of the Probate Code of Guam (1970)." 15 GCA § 2209, COMMENT. However, in 1992, California

---

[6] In his Motion to Dismiss, Defendant stated that "Section 31104 is based on California Code of Civil Procedure § 377.34 . . . ." Mot. Dismiss at 2. However, the accompanying comments of 19 GCA § 31104 clearly state that it is based on former California Civil Code § 956 (repealed 1961). 19 GCA § 31104, SOURCE.

repealed CPC § 573 and enacted CCP § 377.34, which now governs recovery of damages in survival actions in that jurisdiction. *County of Los Angeles*, 21 Cal. 4th at 296.

The California legislative history of CPC § 573 provides some useful insight into the evolution of survival statutes in California and, by extension, Guam. *See* Cal. Law Revision Comm'n, Recommendation Relating to Survival of Torts, No. 33 (Apr. 9, 1959), https://clrc.ca.gov/pub/1959/M59-040XXX.pdf. The California Law Revision Commission explained that CPC § 573 was intended to broaden the survivability of claims, stating that it "provides, of course, for the survival of *all causes or rights of action.*" *Id.* (emphasis added). Whereas "the present Civil Code Section 956 appears to deal only with 'things in action,'" CPC § 573 was a "survival statute dealing with all 'causes or rights of action' . . . ." *Id.*

"A thing in action is a right to recover money or other personal property by a judicial proceeding. 19 GCA § 31101.[7] Therefore, 19 GCA § 31104, like CC § 956, is limited to a right to recover money or personal property arising out of a wrong which results in physical injury to the person. *See* 19 GCA § 31104. The California Law Revision Committee recognized that the language in CC § 956, the basis of 19 GCA§ 31104, was narrower than that of CPC § 573, the basis of 15 GCA § 2209.

However, Guam's adoption of both statutes—19 GCA § 31104 in 1966 and 15 GCA § 2209 in 1982—suggests the Guam Legislature's intent to preserve both statutes.

"We presume that the Legislature, when enacting a statute, was aware of existing related laws and intended to maintain a consistent body of rules." *Guam Police Dep't*, 2020 Guam 12, ¶

---

[7] Title 19 GCA § 31101, which is based on former California Civil Code § 953, defines a "thing in action" as "a right to recover money or other personal property by a judicial proceeding." This same definition governed the interpretation of former California Civil Code § 956, upon which 19 GCA § 31104 is modeled.

30 (quoting *Stone St. Capital, LLC v. Cal. State Lottery Comm'n*, 80 Cal. Rptr. 3d 326, 333 (Ct. App. 2008).

Unlike California, which explicitly repealed CC § 956 with the passing of the broader CPC § 573, Guam did not repeal 19 GCA § 31104 upon the adoption of 15 GCA § 2209. Importantly, when the Guam Legislature enacted 15 GCA § 2209 in 1982, it is presumed that it did so with knowledge that 19 GCA § 31104 was in existence. *See id.* This retention of both provisions supports the inference that the Guam Legislature intended 19 GCA § 31104 to apply narrowly to personal injury and property claims, while 15 GCA § 2209 serves as the general survival statute applicable to other civil causes of action. This interpretation is further supported by the fact that despite California's repeal of CC § 956 in 1961, Guam adopted the repealed statute as reflected in 19 GCA § 31104 in 1966, and later also adopted 15 GCA § 2209 in 1982.

For these reasons, the doctrine of implied statutory repeal does not apply here. *See Lujan*, 2000 Guam 21 ¶ 11 (stating that implied repeals are disfavored and will not be presumed unless there is an irreconcilable conflict between the statutes). As discussed, the Guam Legislature's decision to enact 15 GCA § 2209 with the presumed knowledge of 19 GCA § 31104, suggests not an intent to substitute, but rather to preserve both survival statutes. Thus, because the statutes serve complementary purposes and can be harmonized, there is no basis to conclude that 15 GCA § 2209 impliedly repealed 19 GCA § 31104.

Since the legislative history for 19 GCA § 31104 and 15 GCA § 2209 does not clearly contradict such an interpretation, the plain meaning interpretation prevails. *See Sumitomo Constr., Co.*, 2001 Guam 23 ¶ 17.

ii.   **Punitive Damages and Pain and Suffering Damages Are Not Recoverable**

Because the underlying cause of action arises from alleged physical injuries, 19 GCA § 31104 governs. This statute limits recoverable damages to loss of earnings and expenses sustained prior to death and explicitly excludes punitive damages and damages for pain, suffering or disfigurement. Accordingly, Plaintiff's claim for punitive damages is dismissed.

Additionally, although Defendant requests that pain and suffering damages be dismissed, dismissal is not appropriate under GRCP Rule 12(b)(6), which governs dismissal for failure to state a *claim* upon which relief can be granted. A request for a specific category of damages does not constitute a standalone claim, but rather a component of the relief sought for an underlying cause of action. *Johnson v. State Farm Fire & Cas. Co.*, No. CV1815209RBKKMW, 2019 WL 2285491, at *2 (D.N.J. May 29, 2019)(holding that consequential damages and attorneys' fees "are not independent 'claims' but simply forms of damages.").

Therefore, the appropriate remedy is not dismissal, but to strike the request for pain and suffering damages as unavailable under 19 GCA § 31104. Accordingly, pain and suffering damages are stricken. *See* GRCP 12(f)("[U]pon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

**B.   Intentional Infliction of Emotional Distress Is Dismissed**

In Plaintiff's Supplemental Briefing, he states that "[t]he count for Emotional Distress out of an abundance caution should probably be dismissed." Suppl. Br. at 4. At the February 6, 2025 hearing, the Court asked whether the parties are in agreement that the Intentional Infliction of Emotional Distress claim should be dismissed, and both parties stated that they were in agreement.

Min. Entry at 10:21AM (February 6, 2025). Based upon the briefing and representations by the parties, the Court dismisses Plaintiff's claim of Intentional Infliction of Emotional Distress.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's Motion to Replace Plaintiff is **GRANTED.** Graham Botha, as the Executor of the Estate of Gary Wayne Francis Gumataotao, is substituted as the Plaintiff in this case.

Defendant's Motion to Dismiss is also **GRANTED, in part.** Plaintiff's claims for Punitive Damages and Intentional Infliction of Emotional Distress are **DISMISSED**. Plaintiff's request for damages for pain and suffering is **STRICKEN.**

A Status Hearing in this matter shall be held on **Tuesday, June 10, 2025 at 9:45 a.m.**

SO ORDERED: **MAY 1 2 2025** .

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

13